UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY J. KRESS, JR., <br><br> Plaintiff, <br><br> v. <br><br> ZONING HEARING BOARD OF SUGARLOAF TOWNSHIP, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:23-CV-01389 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the Court are the motions to dismiss filed by Defendants JVI, LLC and Crossroads XOX, LLC's (collectively, "JVI Defendants") and Defendants Zoning Hearing Board of Sugarloaf Township ("Zoning Board"), Timothy Mundie ("Mundie"), George Maue ("Maue"), Dean Hillard ("Hillard"), Sugarloaf Township ("Sugarloaf"), Rick Weaver ("Weaver"), Joseph DiSabella ("Disabella"), and Richard Yost's ("Yost") (collectively, "Sugarloaf Defendants"). (Doc. 4; Doc. 6). Plaintiff initiated this action by filing a complaint in the Court of Common Pleas of Luzerne County against JVI Defendants and Sugarloaf Defendants (together, "Defendants"). (Doc. 1-1). On August 21, 2023, Defendants removed this action to the Middle District.[1] (Doc. 1). For the reasons provided herein, Defendants' motions to dismiss are **GRANTED**. (Doc. 4; Doc. 6).

---

[1] Plaintiff raises federal claims pursuant to 42 U.S.C. § 1983, the First Amendment, and the Fourteenth Amendment. (Doc. 1, at 2; Doc. 1-1, at 25-29, 31-36). Where a federal court has original jurisdiction over a claim it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367. The state and federal claims both arise out the same zoning dispute. (Doc. 1; Doc. 1-1).

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following background is taken from the complaint and for the purposes of the instant motion is taken as true. (Doc. 1-1). On December 5, 2019, JVI Defendants filed a zoning application with the Zoning Board to build three warehouses. (Doc. 1-1, at 4). The Zoning Board, Mundie, Maue, and Hillard denied the zoning application on January 29, 2020, due to the warehouses' proposed 50-foot building heights. (Doc. 1-1, at 4). On January 8, 2020, JVI Defendants filed a zoning appeal. (Doc. 1-1, at 4-5). On January 29, 2020, the Zoning Board, Mundie, Maue, and Hillard granted JVI Defendants a special exception use approval and variance to build two warehouses with 50-foot building heights. (Doc. 1-1, at 5, 139). The Zoning Board gave JVI Defendants one year to complete their construction of the warehouses, but JVI Defendants failed to do so. (Doc. 1-1, at 5-6).

Plaintiff raised JVI Defendants' failure to meet their construction deadline with the Zoning Board and JVI Defendants filed another zoning appeal on March 30, 2022. (Doc. 1-1, at 8). This zoning appeal requested that JVI Defendants be granted another year to complete construction and that this time limit would not start until after JVI Defendants received all relevant land and permitting approvals for their construction. (Doc. 1-1, at 6). On April 25, 2022, the Zoning Board held a hearing on JVI Defendants' appeal. (Doc. 1-1, at 7). Plaintiff attended the hearing and objected. (Doc. 1-1, at 7). At the hearing, the Zoning Board, Mundie, Maue, and Hillard granted JVI Defendants an extra two-and-a-half years to complete construction. (Doc. 1-1, at 7). Plaintiff planned to appeal this decision, but before he could, the Zoning Board reversed its decision and set another hearing. (Doc. 1-1, at 7-9). Plaintiff planned to challenge JVI Defendants' zoning appeal again. (Doc. 1-1, at 9). However, on August 19, 2022, Sugarloaf's Board of Supervisors, including Weaver,

DiSabella, and Yost, enacted Ordinance No. 2 of 2022 (the "Ordinance"). (Doc. 1-1, at 9-10). The Ordinance retroactively granted JVI Defendants two years to complete their construction and this time limit would not start until after JVI Defendants received their relevant land and permitting approvals. (Doc. 1-1, at 9-11). JVI Defendants withdrew their zoning appeal on September 21, 2022. (Doc. 1-1, at 10). On April 20, 2023, Plaintiff requested a hearing before the Zoning Board to object to the Ordinance but the Zoning Board, Mundie, Maue, and Hillard denied this request. (Doc. 1-1, at 10-11).

On August 8, 2023, Plaintiff filed the complaint asserting seven Counts[2] under municipal, state, and federal law. (Doc. 1-1). Count I alleges violations of Section 617 of the Pennsylvania State Municipal Planning Code ("MPC") against all Defendants (Doc. 1-1, at 22-23). Count II alleges violations of Sections 609, 609.2, and 610 of the MPC against Sugarloaf, Weaver, DiSabella, and Yost. (Doc. 1-1, at 23-25). Counts III, IV, and V allege violations of Plaintiff's substantive and procedural due process rights under the Fourteenth Amendment and Pennsylvania Constitution against all Defendants. (Doc. 1-1, at 25-31). Count VI alleges a civil conspiracy to violate Plaintiff's due process rights against all Defendants. (Doc. 1-1, at 31-21). Count VII alleges violations of Plaintiff's First Amendment rights against Sugarloaf Defendants. (Doc. 1-1, at 33-34).

On August 30, 2023, Sugarloaf Defendants filed a motion to dismiss and subsequently filed a brief in support on September 9, 2025. (Doc. 4; Doc. 12). On September 5, 2025, JVI

---

[2] The complaint contains two sections labeled Count VII. (Doc. 1-1, at 33-36). The first is a cause of action under the First Amendment and the second is a section entitled "Mandamus". (Doc. 1-1, at 33-36). Mandamus is not a cause of action, it is remedy. *See In re Sanders*, 800 F. App'x 140, 141 (3d Cir. 2020) (describing mandamus as a remedy). Therefore, the Court interprets the complaint's "Mandamus" section to be a request for relief rather than a separate cause of action. (Doc. 1-1, at 34-36).

3

Defendants filed a motion to dismiss and subsequently filed a brief in support on September 19, 2023. (Doc. 6; Doc. 15). The Court stayed this case pending mediation on October 2, 2023. (Doc. 17; Doc. 19). On October 25, 2023, the Court closed this case after the parties reached a settlement agreement. (Doc. 22). However, on January 14, 2025, the Court reopened the case due to disputes over the settlement agreement and ordered Plaintiff to file a brief in opposition to JVI Defendants' motion to dismiss. (Doc. 23, Doc. 31). On January 23, 2025, Plaintiff's counsel withdrew from the case, and the Court stayed this case to allow Plaintiff to secure new counsel. (Doc. 33). The Court lifted the stay on April 18, 2025, and ordered Plaintiff to file a brief in opposition to JVI Defendants' motion to dismiss. (Doc. 35). On May 14, 2025, the Court ordered Plaintiff to file briefs in opposition to both Defendants' motions to dismiss and to show cause as to why this case should not be dismissed for failure to prosecute. (Doc. 36). To date, Plaintiff has failed to comply with any of the Court's orders, file a brief in opposition to either motion to dismiss, or otherwise show cause.

## I. LEGAL STANDARDS

### A. MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents

4

incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for

which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

    B. 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

    C. FAILURE TO PROSECUTE

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."

Further, the rule permits *sua sponte* dismissals by the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *see also Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute their action, and therefore the action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
>
> *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984).

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." *Mindek*, 964 F.2d at 1373. No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *see also Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between

the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt,* 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)).

II. DISCUSSION

    A. DEFENDANTS' MOTIONS TO DISMISS ARE DEEMED UNOPPOSED.

As an initial matter, under the Local Rules of the Middle District, Defendants' motions should be deemed unopposed because Plaintiff has failed to file any brief in opposition despite being ordered to do so three times. (Doc. 31; Doc. 35; Doc. 36). Local Rule 7.6 states "[a]ny party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief. . . *Any party who fails to comply with this rule shall be deemed not to oppose such motion.*" Local Rule 7.6 (emphasis added).

"[L]ocal rules play 'a vital role in the district courts' efforts to manage themselves and their dockets.'" *Smith v. Oelenschlager*, 845 F.2d 1182, 1184 (3d Cir. 1988) (quoting *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 570 (3d Cir. 1985)). The Court is obligated to ensure parties who follow the local rules are not prejudiced by those who violate them. *See United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000) (finding a court may only decline to enforce local rules where "doing [so] does not unfairly prejudice a party who has relied on the local rule to his detriment"); *see also Beckett v. Closton,* No. 1:24-CV-00476, 2025 WL 308121, at *1 (M.D. Pa. Jan. 27, 2025) (stating "the court must ensure that a party's failure to comply with the rules does not prejudice those parties who follow the rules"). In this case, Plaintiff has failed to comply with Local Rule 7.6 by failing to file briefs in opposition to Defendants' motions to dismiss despite the Court's repeated orders to do so.

(Doc. 31; Doc. 35; Doc. 36). This failure now compels the Court to deem Defendants' motions unopposed.

> B. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PROSECUTE.

Although Defendants' motions to dismiss are deemed unopposed, the Court must "analyze the *Poulis* factors before imposing sanctions of dismissal." *United States v. Brace*, 1 F.4th 137, 143 (3d Cir. 2021). Here, the *Poulis* factors weigh heavily in favor of dismissal. 747 F.2d at 868.

### 1. Plaintiff's Personal Responsibility.

The Court finds that the first *Poulis* factor, the extent of Plaintiff's personal responsibility, weighs in favor of dismissal because the delays in this case are entirely attributable to Plaintiff. 747 F.2d at 868. On January 23, 2025, this Court granted Plaintiff's Counsel's Motion to Withdraw as Attorney for Plaintiff. (Doc. 33). Plaintiff has not obtained new counsel. Therefore, because Plaintiff is now proceeding as a *pro se* litigant, he is solely responsible for prosecuting this action. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a *pro se* litigant is responsible for h[is] failure to comply with court orders." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential); *see also Emerson*, 296 F.3d at 191; *Winston v. Lindsey*, Civ. No. 09-224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (concluding that a *pro se* litigant "bears all of the responsibility for any failure to prosecute his claims").

Plaintiff has failed to file a brief in opposition despite being ordered to do so three separate times. (Doc. 31; Doc. 35; Doc. 36). Additionally, Plaintiff was specifically warned that his failure to respond to the Court's orders may result in the dismissal of this action. (Doc. 36). As of the date of this memorandum, Plaintiff has failed to comply with any of the Court's

directive or otherwise attempt to litigate this case. Accordingly, the first *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

### 2. Prejudice to the Moving Party

The second *Poulis* factor, prejudice to the moving party, also weighs in favor of dismissal. 747 F.2d at 868. A finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that Plaintiff's failure to respond to the Court's orders has frustrated and delayed resolution of this action. Going forward, such failure to litigate would prejudice Defendants because Defendants could not seek a timely resolution of the case. Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

### 3. History of Dilatoriness

The third *Poulis* factor, history of dilatoriness, also weighs in favor of dismissal. 747 F.2d at 868. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874; *see also Emerson*, 296 F.3d at 191 (per curiam) (finding a history of dilatory conduct where the plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the

case." *Adams*, 29 F.3d at 875. Here, Plaintiff has failed to comply with three separate briefing orders. (Doc. 31; Doc. 35; Doc. 36). Plaintiff's Counsel also withdrew after Plaintiff "stopped responding to his counsel for several months, despite repeated attempts [counsel] made by phone, letter, email and text." (Doc. 32, at 3). Moreover, Plaintiff has failed to obtain new counsel, or, alternatively, advise the Court of his intention to proceed in a *pro se* status. Accordingly, Plaintiff's actions demonstrate a history of dilatoriness that weighs in favor of dismissal. 747 F.2d at 868.

### 4. Willful Conduct or Bad Faith

The fourth *Poulis* factor, willful conduct or bad faith also weighs in favor of dismissal. 747 F.2d at 868. The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct reflects mere inadvertence or negligence, as opposed to "intentional or self-serving behavior." *Adams*, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). Here, Plaintiff's failure to abide by multiple Court orders, failure to file briefs in opposition to Defendants' motions to dismiss, and failure to explain his delay "demonstrate[s] a willful disregard for procedural rules and court directives." *Gilyard v. Dauphin Cty. Work Release*, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). Thus, the fourth *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

### 5. Availability of Alternative Sanctions

The fifth *Poulis* factor, the effectiveness of sanctions other than dismissal, weighs in favor of dismissal. 747 F.2d at 868. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding *pro se*." *See Lopez*, 435 F. App' x at 116;

*Emerson*, 296 F.3d at 191 (per curium); *see also Nowland v. Lucas,* No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion"). The Court has endeavored to use lesser sanctions by entering prior orders and counseling Plaintiff on his obligations in this action, to no avail. Accordingly, the fifth *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

### 6. Meritoriousness of Plaintiff's Claims

The final *Poulis* factor, the meritoriousness of Plaintiff's claims, weighs in favor of dismissal for every claim except for Count VII. 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869–70). Accordingly, the Court will consider the merits of Defendants' motions to dismiss. (Doc. 4; Doc. 6).

Sugarloaf Defendants argue Plaintiff lacks standing because he fails to assert an injury in fact. (Doc. 1-1, at 9-15). The Court agrees as to Counts I, II, III, IV, V, and VI. "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, Inc., 454 U.S. 464, 471 (1982). "The standing doctrine defines what is a 'case' or 'controversy.'" *Long v. Se. Pennsylvania Transportation Auth.*, 903 F.3d 312, 320–21 (3d Cir. 2018). "[A] plaintiff who raises multiple causes of action 'must demonstrate standing for each

claim he seeks to press.'" *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 245 (3d Cir. 2012) (citations omitted).

To assert standing, a plaintiff must show injury in fact. *Long*, 903 F.3d at 321. Although plaintiffs do not face a high burden in establishing injury in fact, they must do more than assert conclusory allegations that they suffered an injury to a protected interest. *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 288 (3d Cir. 2018) (stating "[a]lthough '[i]njury-in-fact is not Mount Everest,' it is more than a desert mirage. . . [Third Circuit] precedent requires the plaintiff to do more than simply pair a conclusory assertion of money lost with a request that a defendant pay up"); *see also PSA, LLC v. Gonzales*, 461 F. Supp. 2d 351, 354 (E.D. Pa. 2006) (stating "[v]ague and conclusory statements of injury do not suffice to [show injury in fact]").

Regarding Counts I, II, III, IV, V, and VI, Plaintiff asserts he suffered injury because he was deprived of his rights as an aggrieved person under Pennsylvania zoning law and because his property interests were harmed without regard for municipal ordinances or due process protections. (Doc. 1-1, at 2, 6-7, 9, 26, 28, 32). Beginning with Plaintiff's rights as an "aggrieved person," Plaintiff only alleges he meets the legal definition of a "person aggrieved" with "a direct interest in the subject matter of the litigation" which is "adversely affected." (Doc. 1-1, at 9) (citations omitted). Plaintiff does not state what this direct interest is, how this interest was adversely affect, or otherwise support his assertion. (Doc. 1-1). Regarding injuries to Plaintiff's property interests, Plaintiff only states in vague terms that his property interests were harmed without identifying any specific harm to his property. (Doc. 1-1, at 26, 28). "These [v]ague and conclusory statements of injury do not suffice." *PSA, LLC*, 461 F. Supp. 2d at 354. The Court cannot assume an injury occurs where a plaintiff "fails to even plead as

13

much." *Johnson & Johnson*, 903 F.3d at 287. Accordingly, Plaintiff has failed to identify an injury in fact supporting Counts I, II, III, IV, V and VI.[3] The Court finds the final *Poulis* factor weighs in favor of dismissal of these claims. 747 F.2d at 868

Plaintiff has successfully alleged standing regarding Count VII, Plaintiff's First Amendment claim against Sugarloaf Defendants. (Doc. 1-1, at 33-34). Plaintiff alleges that Sugarloaf Defendants passed the Ordinance and canceled zoning hearings to prevent him from speaking in opposition to the warehouse project and to retaliate against him for his past speech. (Doc. 1-1, at 34). This allegation is sufficient to confer standing. *See Associated Builders & Contractors W. Pennsylvania v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 289 (3d Cir. 2023) (finding a deprivation of First Amendment rights confers standing).

Sugarloaf Defendants move for dismissal of Count VII on two other grounds. First, they argue that Plaintiff has not shown personal involvement by Defendants Weaver, DisSabella, Yost, Mundie, Maue, and Hillard. (Doc. 12, at 18). Second, Sugarloaf Defendants argue the claims against the Zoning Board and Sugarloaf should be dismissed because Plaintiff failed to allege "Sugarloaf Township developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the township which caused the violation of the Plaintiff's constitutional rights." (Doc. 18). Both arguments are unpersuasive.

---

[3] Because the Plaintiff lacks standing on these claims, the Court need not consider Defendants' alternate grounds for dismissal. *See Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 164 (3d Cir. 2017) (stating "the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits"); *see also Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 471 (D.N.J. 2013) (stating "[h]aving dismissed the Amended Complaint for lack of standing, the Court need not address Defendants' further arguments").

14

First, to show personal involvement, "a § 1983 complaint need only allege the conduct, time, place, and person responsible." *Solan v. Ranck*, 326 F. App'x 97, 101 (3d Cir. 2009). Plaintiff alleges on August 19, 2022, Weaver, DiSabella, and Yost attended a meeting at the Sugarloaf Township Municipal Building and passed an ordinance for the purpose of preventing Plaintiff from objecting to JVI Defendants' zoning appeal. (Doc. 1-1, at 9-10, 222). Plaintiff further alleges on April 26, 2023, Mundie, Maue, and Hillard arranged for their attorney to send Plaintiff a letter denying his request to object to the ordinance. (Doc. 1-1, at 9, 11, 220). Accordingly, Plaintiff has sufficiently pled the relevant conduct, times, places, and people responsible to show personal involvement. *Solan*, 326 F. App'x at 101; *see also Black & Davison v. Chambersburg Area Sch. Dist.*, No. 1:17-CV-688, 2018 WL 1566666, at *6 (M.D. Pa. Mar. 30, 2018) (finding school board members were personally involved where plaintiff alleged they voted unanimously at a school board meeting).

Regarding Sugarloaf and the Zoning Board's liability, a municipality may be liable when it "unconstitutional[ly] implements or executes a[n]. . . ordinance. . . or decision officially adopted and promulgated by that body's officials." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Official actions through "policy-making individuals can qualify as acts of official government policy." *DeLuca v. City of Hazleton*, 396 F. Supp. 3d 392, 412 (M.D. Pa. 2019). Here, Plaintiff challenges official acts in the forms of zoning decisions and ordinances. (Doc. 1-1, at 9, 3-34). Accordingly, Sugarloaf Defendants' motion to dismiss Count VII is unpersuasive and the final *Poulis* factor weighs against dismissal of Count VII. 747 F.2d at 868.

### 7. Balancing the *Poulis* factors

The *Poulis* factors overwhelmingly weigh in favor of dismissal. 747 F.2d at 868. When weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal. *Briscoe*, 538 F.3d at 263. Instead, "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222. Here, every *Poulis* factor weighs in favor of dismissing every claim except for Count VII. 747 F.2d at 868. Further, while the final *Poulis* factor weighs against dismissal of Count VII, that alone is not sufficient to overcome the weight of the other factors. *See Ware*, 322 F.3d at 225 (weighing the *Poulis* factors in favor of dismissal despite finding Plaintiff's claim to be meritorious). Accordingly, Plaintiff's complaint will be dismissed for failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED**. (Doc. 4; Doc. 6). Plaintiff's complaint will be dismissed with prejudice. The Clerk of Court is directed to close this matter.[4]

An appropriate Order follows.

**BY THE COURT:**

Dated: June 9, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

[4] On June 5, 2025, the Sugarloaf Defendants filed a motion for judgment; this motion is **DENIED** as moot.